FILED'10 JUN 22 9:37USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MAURICE MONTGOMERY, | Civil No. 10-3051-CL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| HOWARD'S VALU RITE PHARMACY<br>aka HOWARD'S DRUGS<br>JACOB HOWARD PHARMACIST<br>101 NORTH F STREET<br>LAKEVIEW, OR 97630, | |
| Defendant. | |

CLARKE, Magistrate Judge:

Plaintiff Maurice Montgomery, who is proceeding *pro se*, has filed a complaint for "Violation of Federal Pharmacy Consumer Protection Act of 2005[,] Violation of Code of Ethics and Pledge and Sworn Statement[,] Violation of Oath of Pharmacist[, and] Defamation of Character," and an application to proceed *in forma pauperis* (#1). For the reasons explained below, this action should be dismissed for lack of subject matter jurisdiction and plaintiff's application to proceed *in forma pauperis* should be denied as moot.

//

Report and Recommendation - 1

## DISCUSSION

Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the Constitution and Congress authorizes them to adjudicate. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. Federal courts are presumptively without jurisdiction over civil cases and the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. <u>Kokkonen</u>, 511 U.S. 375. Federal Rules of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. See <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>see also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623-24.

Plaintiff purports to invoke federal question jurisdiction by alleging a claim under the Pharmacy Consumer Protection Act of 2005, which he alleges was passed in April 2005. The

Report and Recommendation - 2

legislative history of the Pharmacy Consumer Protection Act of 2005, Senate bill 778, 109th Congress (2005), which provided that a pharmacy receiving payments under the medicare and medicaid programs would be required to fill all valid prescriptions without unnecessary delay or interference, shows that the bill was introduced and referred to committee in April 2005, but it was not passed into law.[1]  It appears that no other claim alleged by plaintiff is brought under a federal law.  Thus, there is no federal statute which provides federal question jurisdiction as a basis for subject matter jurisdiction in this court.  Because there is no federal question jurisdiction, the court lacks supplemental jurisdiction over plaintiff's other claims.  See 28 U.S.C. § 1367.

However, subject matter jurisdiction could exist over plaintiff's remaining claims, which includes an alleged claim for "Defamation of Character," if diversity jurisdiction is satisfied.  To invoke diversity jurisdiction, in addition to alleging the requisite amount in controversy, supra, plaintiff must show on the face of the complaint that diversity of citizenship is complete, that is, each plaintiff must be a citizen of a different state than each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  While plaintiff alleges he is living in Lakeview, Oregon, he does not allege the citizenship of defendant.  From the allegations of the

---

[1] Another bill called the "Access to Legal Pharmaceuticals Act," S. 809, 109th Cong (2005), which provided for a private cause of action to any person aggrieved by a pharmacy which, subject to certain conditions, refused to fill a prescription without delay, also was not enacted after being referred to committee in April 2005.
A review of the "Ryan Haight Online Pharmacy Consumer Protection Act of 2008," 21 U.S.C. § 801 et seq., indicates that its provisions do not cover the circumstances alleged by plaintiff in this action.

Report and Recommendation - 3

complaint, it appears that defendant, alleged to be a pharmacy located in Lakeview, Oregon, is not of diverse citizenship from plaintiff.

Here, none of the claims alleged by plaintiff in his complaint implicates a federal question. It appears that no diversity of citizenship of the parties exists in this case. No other basis for jurisdiction is evident from the allegations of the complaint. This court can conceive of no amendment to the complaint which would cure the jurisdictional defect. Accordingly, the court lacks subject matter jurisdiction over this action and the action should be dismissed.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction, his application to proceed in forma pauperis (#1) be denied as moot, and that judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by July 12, 2010. If objections are filed, any response to the objections are due by July 29, 2010,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and //
//

will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____ day of June, 2010.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE